UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| STEPHEN ROY WALKER,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Crim Case No.  1:15-cr-00219-BLW<br>Civil Case No.  1:17-cv-00462-BLW<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Petitioner Stephen Roy Walker's "Motion for Relief from Final Judgment in § 2255 Proceeding Pursuant to Fed. R. Civ. P., Rule 60(b) Newly Discovered Evidence" (Dkt. 16) and Walker's Request for Evidentiary Hearing (Dkt. 21). In July 2019, this Court denied Walker's initial 28 U.S.C. § 2255 motion (Dkt. 10), and in December 2019, the Ninth Circuit refused to issue a certificate of appealability (Dkt. 15). Walker now returns with what he styles as a Rule 60(b) motion, claiming he has uncovered new evidence of government misconduct. For the reasons set forth below, the Court construes Walker's motion as a successive § 2255 petition and dismisses it for lack of jurisdiction.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On September 10, 2015, a grand jury returned a five-count indictment charging Walker with three counts of Sexual Exploitation of Children under 18 U.S.C. § 2251(a), one count of Transportation of Child Pornography under 18 U.S.C. § 2252(a)(1), and one count of Possession of Child Pornography under 18 U.S.C. § 2252(a)(5)(B). Crim. Dkt. 1. In July 2016, pursuant to a plea agreement, Walker pleaded guilty to the Transportation and Possession counts in exchange for dismissal of the Sexual Exploitation counts. *Id.* at 5. On November 3, 2016, Walker was sentenced by the Court to 150 months' imprisonment followed by 25 years of supervised release. Crim. Dkt. 39.

Walker did not file a direct appeal from the sentence, but instead, on November 16, 2017, brought a 28 U.S.C. § 2255 motion to vacate his sentence based on three grounds: (1) ineffective assistance of counsel, (2) denial of counsel of choice, and (3) judicial error in accepting his guilty plea. Civ. Dkt. 1. On July 18, 2019, this Court denied Walker's § 2255 motion and declined to issue a certificate of appealability. Civ. Dkt. 10. Walker filed an appeal, requesting a certificate of appealability, which the Ninth Circuit denied. Civ. Dkt. 15.

On February 13, 2023, Walker filed the pending motion to reconsider seeking relief from this Court's July 18, 2019, decision under Federal Rule of Civil Procedure 60(b). Civ. Dkt. 16. Walker argues that the Court should revisit its decision denying his petition based on newly discovered evidence showing: (1) the government

**MEMORANDUM DECISION AND ORDER - 2**

withheld evidence regarding seized phones, (2) the government knowingly withheld illegally obtained inculpatory statements, and (3) fraud on the court regarding a non-existent proffer letter. *Id.* at 1-5. Walker also filed subsequent amendments adding a fourth claim of "abuse of discretion by the court" and requests an evidentiary hearing. Civ. Dkt. 19, 21.

The government responds that this Court lacks jurisdiction because Walker's motion is not a legitimate Rule 60(b) motion, but rather a "disguised second or successive motion under § 2255." Civ. Dkt. 17 at 2.

## ANALYSIS

### A. Second or Successive § 2255 Motion

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. *See Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

Habeas petitioners, however, cannot use a Rule 60(b) motion to "make an end-run" around the requirements for filing second or successive petitions set forth in 28 U.S.C. § 2244(b). *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013) (citing *Gonzalez*, 545 U.S. at 532 nn. 4-5 (2005)). This statute places certain limitations on filing successive petitions. "First, any claim that has already been adjudicated in a previous petition must be dismissed." *Gonzalez*, 545 U.S. at 530–31 (citing 28 U.S.C. § 2244(b)(1)). Second, a claim presented in a second or successive § 2255 petition that was not previously presented must be dismissed "unless it relies on either a new and

retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* (citing § 2244(b)(2)); *see also United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011) (applying § 2244(b)'s framework to § 2255 motions). Third, before the district court may accept a successive petition that raises a new claim, "the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez*, 545 U.S. at 530 (citing § 2244(b)(3)).

When faced with a motion under Rule 60(b) in the habeas context, district courts are therefore tasked with ascertaining whether the motion is a "true" Rule 60(b) motion, or whether it is a disguised second or successive § 2255 motion. *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington,* 593 F.3d 790 (9th Cir. 2010) (en banc). Although the Supreme Court has not established a bright-line rule for spotting true Rule 60(b)(6) motions, it has held that a motion attacking some defect in the integrity of the habeas proceedings qualifies. *See id*. (discussing *Gonzalez*, 545 U.S. 524, 532 (2005)). Such defects may include "fraud on the habeas court" and allegations that a previous ruling precluding a merits determination, such as denial for failure to exhaust, procedural default, or a statute-of-limitations bar, was in error. *Jones*, 733 F.3d at 834 (citing *Gonzalez*, 545 U.S. at 532 nn. 4-5 (2005)). On the other hand, if a motion presents one or more "claims," "in effect ask[ing] for a second chance to have the merits

**MEMORANDUM DECISION AND ORDER - 4**

determined favorably," it is properly construed as a second or successive § 2255 motion, not a Rule 60(b) motion. *Id.* at 835.

Although Walker characterizes his claims as challenges to the integrity of his § 2255 proceeding, examination of their substance reveals that each claim directly attacks aspects of his underlying criminal prosecution. His motion therefore constitutes a successive or second § 2255 petition, and the Court lacks jurisdiction over the motion and must deny it.

First, Walker fails to "point to something that happened during the proceeding that rendered its outcome suspect," as required to show a "defect in the integrity" of his first § 2255 proceeding. *Buenrostro*, 638 F.3d at 722. Walker's claims about withheld evidence and Brady violations relate to his underlying criminal case, not to any defect in the § 2255 proceedings themselves. The newly discovered evidence Walker cites—additional seized phones and alleged withheld statements—existed at the time of his criminal proceedings and could have been raised in his original § 2255 motion.

Second, Walker's claims do not match any of the examples of "defect[s] in the integrity of the federal habeas proceedings" recognized in *Gonzalez*. Walker does not allege that the Court erroneously issued a ruling that precluded a merits determination. While he claims fraud upon the Court regarding a proffer letter, Civ. Dkt. 16 at 5, Walker fails to show that this alleged fraud occurred during the § 2255 proceedings rather than during the underlying criminal case. *See Buenrostro*, 638 F.3d at 722 ("To

MEMORANDUM DECISION AND ORDER - 5

show a defect in the integrity of his first § 2255 proceeding, Buenrostro must point to something that happened during that proceeding that rendered its outcome suspect."). To qualify as a "defect in the integrity" of the habeas proceedings under *Gonzalez*, the fraud must have been perpetrated on the federal habeas court itself—such as the submission of falsified evidence or perjured testimony during the § 2255 proceedings—not during the underlying criminal prosecution. *See id.* at 532 n.5.

Third, Walker fails to show how the alleged newly discovered evidence undercuts the integrity of the prior § 2255 proceeding with regard to any of the claims he raised there. *See Jones*, 733 F.3d at 836 ("[T]he rule announced in *Gonzalez*, that a valid Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings,' . . . must be understood in context generally to mean the integrity of the prior proceeding with regard to the claims that were actually asserted in that proceeding."). Walker's original § 2255 motion raised claims of ineffective assistance of counsel, denial of counsel of choice, and judicial error in accepting his guilty plea. The newly discovered evidence regarding seized phones and alleged Brady violations does not relate to the integrity of the Court's decision-making process on those specific claims.

Instead, Walker's motion seeks to raise new claims about prosecutorial misconduct and Brady violations that could have been raised in his original § 2255 petition. In effect, he seeks a second chance to have the merits of his first habeas petition decided in his favor. This is precisely the type of motion that constitutes a

**MEMORANDUM DECISION AND ORDER - 6**

successive § 2255 petition requiring certification from the Ninth Circuit. Since Walker has not obtained such certification, this Court lacks jurisdiction to consider his claims.

## B. Certificate of Appealability

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*

After considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Walker's motion to be debatable or wrong. A certificate of appealability therefore shall not issue in this case with respect to the denial of Walker's Rule 60(b) motion.

### ORDER

IT IS ORDERED that:

MEMORANDUM DECISION AND ORDER - 7

1. Walker's Motion for Relief from Final Judgment (Dkt. 16) is **DENIED** for lack of jurisdiction without prejudice to Walker filing a second or successive petition if he obtains permission from the Ninth Circuit Court of Appeals. Walker is advised that he may request a certificate of appealability from the Ninth Circuit Court of Appeals pursuant to Federal Rules of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

2. A certificate of appealability shall not issue in this case with respect to the denial of Walker's Rule 60(b) motion.

3. Walker's Request for Evidentiary Hearing (Dkt. 21) is **DENIED**.

4. The Clerk of Court is directed to forward a copy of this Order to the Ninth Circuit. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: December 4, 2025

_____
B. Lynn Winmill
U.S. District Court Judge